Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

LODGED
RECEIVED ___ COPY

JAN 1 4 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

for the

District of Arizona ▾

_____CIVIL__ Division

MR. NAJIB HODGE )

) Case No. __CV25-00112-PHX-MTL__
)
) *(to be filled in by the Clerk's Office)*
_____
*Plaintiff(s)* )
*(Write the full name of each plaintiff who is filing this complaint.* )
*If the names of all the plaintiffs cannot fit in the space above,* ) Jury Trial: *(check one)* ☑ Yes ☐ No
*please write "see attached" in the space and attach an additional* )
*page with the full list of names.)* )
**-v-** )

BEST BUY Co., Inc. 7601 Penn Ave South, Richfield, )
MN, 55423-3645 )
incident location: Best Buy Co.,Inc. )
__1919 East Camelback Rd., Unit 101, Phoenix, AZ__ )
*Defendant(s)* )
*(Write the full name of each defendant who is being sued.  If the* )
*names of all the defendants cannot fit in the space above, please* )
*write "see attached" in the space and attach an additional page* )
*with the full list of names.)* )

## COMPLAINT FOR A CIVIL CASE

I.     **The Parties to This Complaint**

A.     **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Mr.  Najib Hodge |
| Street Address | 1901 East Apache Blvd. Unit 293 |
| City and County | Tempe, Maricopa County |
| State and Zip Code | Tempe, AZ 85281 |
| Telephone Number | 602-672-4818 |
| E-mail Address | nhodge10@gmail.com |

B.     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Page 1 of 5

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1

| | |
|---|---|
| Name | Best Buy Co. Inc. of Minnesota, Inc. |
| Job or Title *(if known)* | Electronics Store/INCIDENT TOOK PLACE HERE |
| Street Address | 1919 EAST CAMELBACK RD., |
| City and County | PHOENIX, MARICOPA COUNTY |
| State and Zip Code | ARIZONA, 85016 |
| Telephone Number | TBD |
| E-mail Address *(if known)* | JANET.LAMBERT@BESTBUY.COM |

Defendant No. 2

| | |
|---|---|
| Name | CORPORATE OFFICE Of Best Buy |
| Job or Title *(if known)* | BEST BUY CO, INC OF MENNESOTA, INC. |
| Street Address | 7601 PENN AVE SOUTH |
| City and County | RICHFIELD |
| State and Zip Code | MINNESOTA, 88423 |
| Telephone Number | C/O JANET LAMBERT |
| E-mail Address *(if known)* | JANET.LAMBERT@BESTBUY.COM |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question            ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.    If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Applicable Laws: below is the specific laws pertaining to this case, I will attach an "Exhibit 2" which will provide the same for any missing portions of below due to formatting here. Thank you, your honor.

42 U.S.C. § 1981a:

Prohibits intentional discrimination in public accommodations.

**B.    If the Basis for Jurisdiction Is Diversity of Citizenship**

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)*  n/a Najib A. Hodge                          , is a citizen of the

State of *(name)*  Arizona                          .

b.    If the plaintiff is a corporation

The plaintiff, *(name)*  n/a                          , is incorporated

under the laws of the State of *(name)*    n/a                          ,

and has its principal place of business in the State of *(name)*

n/a                          .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)*  n/a                          , is a citizen of

the State of *(name)*    Arizona                          . Or is a citizen of

*(foreign nation)*   n/a                          .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b.    If the defendant is a corporation

The defendant, *(name)* Best Buy, Inc. , is incorporated under

the laws of the State of *(name)* Minnesota , and has its

principal place of business in the State of *(name)* Arizona .

Or is incorporated under the laws of *(foreign nation)* n/a ,

and has its principal place of business in *(name)* Minnesota .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
The amount is above $75,000.00, and is a federal Jurisdiction cause and amount.

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
Please see exhibit 1.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Compensatory and Punitive total 10,000,000.00, declarative Plaintiff requests an order requiring Defendant to implement non-discriminatory policcies and training and appropriate penalties for their employees who refuse to comply with such tranining after 1 x antidiscrimination training session.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     01/14/2025

Signature of Plaintiff     Najib Hodge, under penalty of purjury.

Printed Name of Plaintiff     Najib Hodge

### B.     For Attorneys

Date of signing:

Signature of Attorney     tbd

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## THE DISTRICT COURT OF ARIZONA

**Najib A. Hodge**
1901 East Apache Blvd. Unit 293
Tempe, AZ 85281
Nhodge10@gmail.com
602-672-4818

**Plaintiff,**

v.

**Best Buy Co. of Minnesota,**
7601 Penn Ave South,
Richfield, MN

**Operating in Phoenix AZ**
1919 E. Camelback Rd.
Unit 101,
Phoenix AZ 85016,
Maricopa County

**Defendant.**

**Case No.: [Case Number]**

### Exhibit 1 Affidavit of Najib A. Hodge

I, Najib A. Hodge, being duly sworn, depose and say:

1. I am the Plaintiff in the above-captioned matter.
2. I reside at 19001 East Apache Blvd., Unit 293, Tempe, AZ 85281.
3. On December 16, 2022, After briefly entry into the store, without warning, Plaintiff was ejected from the Best Buy store located at 1919 E. Camelback Rd. Unit 101, Phoenix, AZ 85016, by the store management.
4. The manager threatened to call the police on me and insisted that I leave the store immediately, despite the store employee confirming on video that I had done nothing wrong.
5. The manager did not articulate any wrongdoing on my part but persisted in her threat to call the police if I did not leave the store.
6. The incident was recorded on video, which captures the employee's confirmation and the manager's insistence on calling the police.

7.  I reported this matter to the Attorney General's office.

8.  During the investigation by the Attorney General's office, the store's manager denied under oath that she had threatened to call the police and lied under oath.

9.  The Attorney General's investigator questioned me for a response, and I provided the investigator with the video evidence of the incident.

10. The Attorney General's investigator, under the authority of the Attorney General's office manager, supplied me with a Notice of Right to Sue.

11. This affidavit is submitted as Exhibit 1 in support of my claim.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this _14_ day of January, 2025.

_____

Najib A. Hodge

Najib A. Hodge
Plaintiff, Pro Se
1901 East Apache Blvd.
Apt. 293
Tempe, AZ 85281
nhodge10@gmail.com


## EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

**Mr. Najib A. Hodge,**
     1901 East Apache Blvd.

     **Plaintiff, Pro Se**

**v.**


     **Defendant**

**Corporate offices located at:**
**Best Buy Co. Inc.**
**7601 Penn Ave South**
**Richfield Minnesota 55423-3645**
**% Defendant.**

**Operating incident at:**
**Best Buy Co., Inc.**
**1919 East Camelback Rd.,**
**Unit 101, Phoenix, AZ 85016**

**Case No. [TBD].**

**Complaint of Discrimination**

**Introduction:**

Plaintiff, Najib A. Hodge, brings this action against Best Buy Co., Inc. for its intentional discrimination against the Plaintiff, based on color and race, denying plaintiff the right to make and enforce contracts, (installment purchases if appliances) the enjoyment of goods and services, and loudly threatening police intervention breaking the ambiance of public peace and thereby which publicly dishonoring the plaintiff, as there were no threats

Page **1** of **12**

**Najib A. Hodge**
**Plaintiff, Pro Se**
**1901 East Apache Blvd.**
**Apt. 293**
**Tempe, AZ 85281**
**nhodge10@gmail.com**

presented by plaintiff's presence, but based solely on race and color which violates Title II of the Civil Rights Act of 1964 under the jurisdiction of 42 U.S.C. § 1981a and 42 U.S.C. § 2000a.

**Table of Contents:**

1. Introduction

2. Parties

3. Jurisdiction & Venue

4. Facts of the Case

5. Legal Claims

6. Relief Sought

7. Conclusion

8. Table of Authorities

## Parties

- Plaintiff: is an African American man, an individual residing at 1901 East Apache Blvd., Apt. 293, Tempe, AZ 85281.

- Defendant: Best Buy Co., Inc. is a business operating at the branch location where the offense took place, 1919 East Camelback Rd., Unit 101, Phoenix, AZ 85016.

**Najib A. Hodge**
**Plaintiff, Pro Se**
**1901 East Apache Blvd.**
**Apt. 293**
**Tempe, AZ 85281**
**nhodge10@gmail.com**

## Jurisdiction and Venue

- This Court has jurisdiction under 42 U.S.C. § 2000a., 42 U.S.C.$ 1981.,

- Venue is proper in this district as the events giving rise to this claim occurred within this Federal District of Arizona.

## Facts of the case TimeLine:

1. On December 16, 2022, Plaintiff was denied the enjoyment, and use of all services, and excused from authorization to shop, buy, or otherwise make contracts, or to abide on the premises for the above mentioned purposes, denied the right to purchase, shop, return, or enter the store for any purpose, or purposes of the same, this branch is located at 1949 E Camelback Rd. Ste 101, Phoenix, AZ 85016, on or after 1 PM.

2. After a brief entry into the store, the manager denied Plaintiff the free enjoyment of any of its goods, services, or benefits which were being freely offered to similarly situate non-African Americans. The manager **simply said to** Plaintiff, "You can leave."

Page **3** of **12**

**Najib A. Hodge**
**Plaintiff, Pro Se**
**1901 East Apache Blvd.**
**Apt. 293**
**Tempe, AZ 85281**
**nhodge10@gmail.com**

3. Plaintiff stated he had not had the chance to do any shopping yet and had some Christmas gifts to purchase. Despite this, the manager clarified her meaning, "Leave the store before I call the police!"

4. Plaintiff, not understanding why this denial of service was happening, left the store to obtain his phone camcorder to document the situation. Upon asking the doorman who witnessed the entire exchange, Plaintiff asked, "What have I done wrong?" and "What laws or store rules if any, did I break?"

5. The store doorman answered, "Nothing that I could see, but I can't speak for the manager..."

6. Plaintiff then asked to speak to the manager again. The doorman pointed in her direction, stating she's over there, the manager was sitting down at a booth, taking similarly situated non-black customers and answering their questions.

7. Plaintiff joined the line, waited his turn to speak to the Mgr., like everyone else. However, when Plaintiff's turn came up, the Defendant' manager immediately vaulted up from her seat, intentionally

Najib A. Hodge
Plaintiff, Pro Se
1901 East Apache Blvd.
Apt. 293
Tempe, AZ 85281
nhodge10@gmail.com

intimidating Plaintiff when the store manager threatened plaintiff, "If you don't leave, I will call the police!"

8.   Plaintiff asked: "I would just like to know why I am being denied accommodations, and service?? What have I done wrong? What Best Buy laws or store rules have I broken, did I break, if none why are you denying service?"

9.   The manager acted very alarmed, ordering the doorman to call the police, saying, "CALL THE POLICE, CALL THE POLICE!! Call the Police! We've already called the police on you!" Then the Mgr. acted very Privy, as if she knew what she would say I threatened her.

10.  Plaintiff left the store as the store manager had angrily and extremely disrespectfully yelled at him to do.

11.  Plaintiff then reported the denial of service to the corporate office, as this clearly violated Title II of the Civil Rights Act of 1964, under the jurisdiction of 42 U.S.C. § 1981a. For intentional and direct racial discrimination. And 42 U.S.C.$ 2000a, Plaintiff was not allowed in the Best Buy public accommodations and was fully denied all services and

Najib A. Hodge
Plaintiff, Pro Se
1901 East Apache Blvd.
Apt. 293
Tempe, AZ 85281
nhodge10@gmail.com

access to the enjoyment of goods and services therein the Best Buy Store.

12.    There were no other African Americans in the store in sight of the **Plaintiff,** realizing it wasn't just him but the nationality the Plaintiff represented.

13.    Plaintiff filed a discrimination complaint with the Attorney General's office.

14.    The AG investigator investigated the Best Buy Co. of Minnesota, principally operating in Phoenix Az.

15.    The AG's Investigators obtained a statement from the Defendant Business store, under oath.

16.    The Defendant statement under oath:

    a.  Denied threatening to call the police, only threatened to call security.

    b.  Accused Plaintiff of yelling loudly and cursing at the Mgrs.

    c.  Defendant denied that plaintiff was kicked out of the store.

Najib A. Hodge
Plaintiff, Pro Se
1901 East Apache Blvd.
Apt. 293
Tempe, AZ 85281
nhodge10@gmail.com

17.    The AG investigator then sought a reply statement from the Plaintiff, under oath.

18.    Plaintiff, presented with the statements from the Defendant, which the Plaintiff then under oath refuted the Defendant's account:

a.    Plaintiff stated that when plaintiff was told to leave the store, plaintiff obtained his cellphone then recorded on video plaintiff simply and politely asked the Best-Buy doorman, 1st: "what store rules or laws did I break, why was I asked to leave what if anything did I do wrong?"

b.    To this the Defendant' doorman stated: "Nothing that I saw was wrong; but I can't speak for the manager, Plaintiff then asked to speak with the manager who refused plaintiff service, the doorman pointed to Defendant's Manager, Rene Toma ("Toma"), non-African American. As there was a line to speak to the manager, Plaintiff waited in that line patiently for his turn to discuss and clarify and discuss the denial of service, the denial to make and enforce contracts for property, buying an appliance on contractual installments, then,

Page **7** of **12**

Najib A. Hodge
Plaintiff, Pro Se
1901 East Apache Blvd.
Apt. 293
Tempe, AZ 85281
nhodge10@gmail.com

when the Plaintiff's turn came around, the line was clear, Plaintiff 'patiently, and politely asked the afore mentioned Best-Buy mgr.,

c.  "What store rules or laws did I break, why was I asked to leave what if anything did I do wrong to be denied service and told to leave the store?"

d. Plaintiff stated that the Defendant's Mgr. who had replied to Plaintiffs question was by the same Defendant's Manager Rene Toma ("Toma"), non-African American.

e. The Plaintiff stated the Defendant's Mgr. reply was that the Mgr. never gave 1 reason for denying Plaintiff any service, or right to make and enforce any contracts, whatsoever, but: Defendant Mgr. [Vaulted up from her seat, as if I were holding a King Cobra snake, saying: "If you don't leave, I will call the police!" Then, Plaintiff states: "the same Mgr. then escalated loudly raising her voice saying as though highly alarmed, and defiantly demanded, and ordered the Doorman to call the police, twice, stating: "CALL THE POLICE! CALL THE POLICE!" Then snarkishly stated: "We've already

Page **8** of **12**

Najib A. Hodge
Plaintiff, Pro Se
1901 East Apache Blvd.
Apt. 293
Tempe, AZ 85281
nhodge10@gmail.com

called the police! You can threaten me all you want..." though plaintiff only asked a reasonable question:

f.  Plaintiff further provided the full video of the intentional discrimination against the Plaintiff's, making completely unreasonable threats, egregious rejecting attitude, against the Plaintiff, when Defendant ordered her subordinate to call the police, the threat to lie on the defendant.

19.  The Plaintiff then also provided the documented and unabridged video evidence showing the Defendant had in fact lied to the Attorney General in the Defendant's entire statements under oath to the Attorney General's investigator.

20.  The AG investigator then notified the plaintiff that the investigator had received the Plaintiff's video and could clearly see and hear all of the sights and sounds of the video.

21.  The AG's office Manager then gave to Plaintiff a Written Right to Sue the Defendant "Best Buy, Inc." under federal and state law for Denial of

Najib A. Hodge
Plaintiff, Pro Se
1901 East Apache Blvd.
Apt. 293
Tempe, AZ 85281
nhodge10@gmail.com

Service due to Intentional racial discrimination denying the Plaintiff the right to make and enforce contracts due to his race and color of skin.

**Harm endured:**

- After the Store incident, the Plaintiff left, and subsequently suffered from horrible nightmares replaying this same incident over again, during sleep hours, however, in the nightmare, the police do actually arrive, don't investigate and begin to tase Plaintiff, holding him down, and cuffing the defendant, Plaintiff still being tazed in front of other patrons, until Plaintiff awakens screaming and cold sweats: as it was depicting what the Best Buy Manager had threatened, "CALL THE POLICE!!" 3X "We already called the police on you!" in front of other patrons, following the incident, causing emotional distress and fear and the need to seek psychological care via a licensed therapist, and being prescribed psychological medication to sleep, diagnosed with PTSD for that specific incident.

**Legal Claim:**

Page **10** of **12**

Najib A. Hodge
Plaintiff, Pro Se
1901 East Apache Blvd.
Apt. 293
Tempe, AZ 85281
nhodge10@gmail.com

13. Defendant's actions constitute intentional discrimination in violation of Title II of the Civil Rights Act of 1964 (42 U.S.C. § 1981a).

14. Defendant's actions have caused Plaintiff emotional distress, humiliation, and inconvenience.

**Relief Sought:**

15. Plaintiff seeks compensatory and punitive damages in the amount of $10,000,000 USD.

16. Plaintiff requests an order requiring Defendant to implement non-discriminatory policies and training and penalties for their employees who will not comply with such training, after 1x antidiscrimination training session.

**Conclusion:**

17. Plaintiff requests judgment in his favor for the relief sought and any other relief the Court deems just and proper.

**Table of Authorities:**

- 42 U.S.C. § 1981a: Prohibits intentional discrimination in public accommodations.

- 42 U.S.C. § 1981a and 42 U.S.C. § 2000a,

- Under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. 2000e–5, 2000e–16] against a respondent who engaged in unlawful intentional discrimination prohibited under section 703, 704, and 717 of the Act [42 U.S.C. 2000e–2, 2000e–3, 2000e–16], and the complaining party may recover compensatory and punitive damages as allowed in subsection (b), in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent.

- Title II of the Civil Rights Act of 1964 prohibits discrimination in public accommodations, affords equal enjoyment, non-harassment of patrons, and unequal treatment.

- 42 U.S.C. § 2000a: Federal statute prohibiting discrimination in public accommodations based on race and color.

Page **11** of **12**

**Najib A. Hodge**
**Plaintiff, Pro Se**
**1901 East Apache Blvd.**
**Apt. 293**
**Tempe, AZ 85281**
**nhodge10@gmail.com**

- McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973): Establishes the burden-shifting framework for proving discrimination claims.

  FRCP Rule 26(a)(1)(D): Requires disclosure of any applicable insurance agreements.

**Respectfully submitted, this 14th day of January 2025**

*Najib A. Hodge*

_____

**Najib A. Hodge**
**Plaintiff, Pro Se**
**1901 East Apache Blvd.**
**Apt. 293**
**Tempe, AZ 85281**
**nhodge10@gmail.com**

# DISTRICT COURT OF ARIZONA

**Najib A. Hodge**
1901 East Apache Blvd. Unit 293
Tempe, AZ 85281
Nhodge10@gmail.com
602-672-4818

**Plaintiff,**

v.

**Best Buy Co. of Minnesota,**
7601 Penn Ave South,
Richfield, MN

**Operating in Phoenix AZ**
1919 E. Camelback Rd.
Unit 101,
Phoenix AZ 85016,
Maricopa County

**Defendant.**

**Case No.: [Case Number]**

### [Affidavit Exhibit 2, for the complaint of Najib A. Hodge]

I, Najib A. Hodge, being duly sworn, depose and say:

1. I am the Plaintiff in the above-captioned matter.
2. I reside at 19001 East Apache Blvd., Unit 293, Tempe, AZ 85281.
3. I submit this affidavit in support of Exhibit 2, which outlines the relevant federal laws and case precedents supporting my claim under Title II of the Civil Rights Act of 1964.
4. Title II of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, color, religion, or national origin in places of public accommodation, ensuring equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations.
5. 42 U.S.C. § 2000a defines public accommodations and prohibits discrimination in these places, ensuring that all persons have the right to full and equal enjoyment without discrimination.

6. 42 U.S.C. § 1981 guarantees all persons the same right to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

7. 42 U.S.C. § 1981a prohibits intentional discrimination in public accommodations and allows for the recovery of compensatory and punitive damages for intentional discrimination.

8. Notable case precedents in support of my claim include:

   o United States v. Retsel Corporation (2023), where a settlement required the owners to adopt a non-discrimination policy, barred one of the owners from leading the company or managing the hotel for four years, and required a public apology.

   o United States v. Jarrah (2018), where a settlement required the sports bar owners to ensure that employees followed Title II's anti-discrimination provisions.

   o Ameriport, LLC & Ocean Properties, Ltd. v. Ryan Burnett (2021), where the jury awarded $150,000 in compensatory damages and $500,000 in punitive damages for failing to provide reasonable accommodation under the ADA.

   o Verizon (2024), where a settlement of $20 million was reached for disability discrimination in public accommodations, addressing inadequate accommodations and unjust terminations.

9. The McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) case established the burden-shifting framework for proving discrimination claims, relevant to structuring my argument and proving intentional discrimination.

10. Compensatory and punitive damages are allowed under Title II of the Civil Rights Act of 1964 and 42 U.S.C. § 1981a, including emotional distress, pain and suffering, and punitive damages to punish the defendant and deter future misconduct.

11. Employment discrimination falls under Title VII of the Civil Rights Act of 1964, while public accommodations are covered under Title II, with different legal standards and remedies. This distinction is important to avoid confusion and focus on the relevant laws applicable to my situation.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 14 day of JANUARY, 2025.

Najib A. Hodge

Najib A. Hodge
19001 East Apache Blvd.
Unit 293
Tempe, AZ 85281
Nhodge10@gmail.com
602+-672-4818

# EXHIBIT 2

## Relevant Federal Laws

### Title II of the Civil Rights Act of 1964

- **Prohibits:** Discrimination on the basis of race, color, religion, or national origin in places of public accommodation.
- **Ensures:** Equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations.

### 42 U.S.C. § 2000a

- **Defines:** Public accommodations and prohibits discrimination in these places.
- **Supports:** Ensuring that all persons have the right to full and equal enjoyment without discrimination.

### 42 U.S.C. § 1981

- **Guarantees:** All persons the same right to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

### 42 U.S.C. § 1981a

- **Prohibits:** Intentional discrimination in public accommodations.
- **Allows:** Recovery of compensatory and punitive damages for intentional discrimination.

## Significant Cases in Arizona:

### United States v. Retsel Corporation (2023)

Najib A. Hodge
19001 East Apache Blvd.
Unit 293
Tempe, AZ 85281
Nhodge10@gmail.com
602+-672-4818

- **Outcome:** Settlement required owners to adopt a non-discrimination policy, barred one of the owners from leading the company or managing the hotel for four years, and required a public apology.

## United States v. Jarrah (2018)

- **Outcome:** Settlement required the sports bar owners to ensure that employees followed Title II's anti-discrimination provisions.

## Significant Public Accommodations Cases with Awarded Dollar Amounts

## Ameriport, LLC & Ocean Properties, Ltd. v. Ryan Burnett (2021)

- **Outcome:** Jury awarded Burnett $150,000 in compensatory damages and $500,000 in punitive damages for a total of $650,000 for failing to provide reasonable accommodation under the ADA.

## Verizon (2024)

- **Outcome:** Settlement of $20 million for disability discrimination in public accommodations, addressing inadequate accommodations and unjust terminations.

## Case Precedents Supporting Your Claim

## McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)

- **Established:** The burden-shifting framework for proving discrimination claims, relevant to structuring your argument and proving intentional discrimination.

## Compensatory and Punitive Damages

- **Allowed under:** Title II of the Civil Rights Act of 1964 and 42 U.S.C. § 1981a.
- **Includes:** Emotional distress, pain and suffering, and punitive damages to punish the defendant and deter future misconduct.

Najib A. Hodge
19001 East Apache Blvd.
Unit 293
Tempe, AZ 85281
Nhodge10@gmail.com
602+-672-4818

## Conclusion:

The laws and cases referenced above provide a robust foundation for this claim of intentional racial discrimination by Best Buy Co.'s Management. These laws and precedents underpin the facts and argument supporting this legal claim and reinforce the purpose of the legal framework to award both compensatory and punitive damages, which in this case the amount of $10nillion. The legal framework including 42 U.S.C. §1981a, 42 U.S.C. §2000a, supports the Plaintiff right to equal enjoyment of public accommodations and permits substantial damages in instances of intentional discrimination.

Respectfully Submitted:

*Najib Hodge*

_____

Najib A. Hodge

# DISTRICT COURT OF ARIZONA

**Najib A. Hodge**
1901 East Apache Blvd. Unit 293
Tempe, AZ 85281
Nhodge10@gmail.com
602-672-4818

**Plaintiff,**

v.

**Best Buy Co. of Minnesota,**
7601 Penn Ave South,
Richfield, MN

**Operating in Phoenix AZ**
1919 E. Camelback Rd.
Unit 101,
Phoenix AZ 85016,
Maricopa County

**Defendant.**

**Case No.: [ tbd]            ]**

### Affidavit of Exhibit 3 Najib A. Hodge

I, Najib A. Hodge, being duly sworn, depose and say:

1.  I am the Plaintiff in the above-captioned matter.
2.  I reside at 1901 East Apache Blvd., Unit 293, Tempe, AZ 85281.
3.  Dated December 12, 2024, I received a Notice of Right to Sue (NRTS) issued by the relevant authority Attorney General Office.
4.  The NRTS was sent to me via email on December 17, 2024.
5.  This email is attached to Exhibit 3 for reference.
6.  According to the usual 30-day filing period allowed for Plaintiffs in public accommodations cases, my timing in submitting this lawsuit comports with the established historical precedent.
7.  I am submitting this lawsuit within the allowable 30-day period, having received the NRTS email on December 17, 2024.

8. My submission is authorized and timely, ensuring that my legal right to pursue this claim is maintained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ___ day of JANUARY 2025.

Najib A. Hodge

Sworn to and subscribed before me this ___ day of ___, 2025.

Notary Public My Commission Expires: ___

 Gmail

**MrNaji11 <nhodge10@gmail.com>**

# CRD-2023-0491 Najib Hodge vs. Best Buy Co. of Minnesota Inc. dba Best Buy

1 message

**Rodriguez, Mia** <Mia.Rodriguez@azag.gov>          Tue, Dec 17, 2024 at 9:14 AM
To: "nhodge10@gmail.com" <nhodge10@gmail.com>

Good Morning,

Attached are the documents issued to you by the Civil Rights Division of the Arizona Attorney General's Office. Should you have any inquiries, please do not hesitate to reach out to my supervisor, Stephen Scott, at (602) 542-8865.

Best regards,

Mia Rodriguez

Administrative Assistant

Mia Rodriguez

Administrative Assistant II



Arizona Attorney General Kris Mayes

2005 N Central Avenue
Phoenix, AZ 85004

Desk: 602-542-5265

http://www.azag.gov

**2 attachments**

 **2024-12-12 Hodge RTS.pdf**
53K

**2024-11-25 Hodge Dismissal.pdf**
214K

# DISTRICT COURT OF ARIZONA

**Najib A. Hodge**
1901 East Apache Blvd. Unit 293
Tempe, AZ 85281
Nhodge10@gmail.com
602-672-4818

**Plaintiff,**

v.

**Best Buy Co. of Minnesota,**
7601 Penn Ave South,
Richfield, MN

**Operating in Phoenix AZ**
1919 E. Camelback Rd.
Unit 101,
Phoenix AZ 85016,
Maricopa County

**Defendant.**

**Case No.: [ tbd]             ]**

## Affidavit of Exhibit 3 Najib A. Hodge

I, Najib A. Hodge, being duly sworn, depose and say:

1. I am the Plaintiff in the above-captioned matter.
2. I reside at 1901 East Apache Blvd., Unit 293, Tempe, AZ 85281.
3. Dated December 12, 2024, I received a Notice of Right to Sue (NRTS) issued by the relevant authority Attorney General Office.
4. The NRTS was sent to me via email on December 17, 2024.
5. This email is attached to Exhibit 3 for reference.
6. According to the usual 30-day filing period allowed for Plaintiffs in public accommodations cases, my timing in submitting this lawsuit comports with the established historical precedent.
7. I am submitting this lawsuit within the allowable 30-day period, having received the NRTS email on December 17, 2024.

8. My submission is authorized and timely, ensuring that my legal right to pursue this claim is maintained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this ___ day of JANUARY 2025.

Najib A. Hodge

Sworn to and subscribed before me this ____ day of _____, 2025.

Notary Public My Commission Expires: _____

Case 2:25-cv-00112-MTL Document 1 Filed 01/14/25 Page 30 of 31

 Gmail

MrNaji11 <nhodge10@gmail.com>

## CRD-2023-0491 Najib Hodge vs. Best Buy Co. of Minnesota Inc. dba Best Buy

1 message

**Rodriguez, Mia** <Mia.Rodriguez@azag.gov>           Tue, Dec 17, 2024 at 9:14 AM
To: "nhodge10@gmail.com" <nhodge10@gmail.com>

Good Morning,

Attached are the documents issued to you by the Civil Rights Division of the Arizona Attorney General's Office. Should you have any inquiries, please do not hesitate to reach out to my supervisor, Stephen Scott, at (602) 542-8865.

Best regards,

Mia Rodriguez

Administrative Assistant

Mia Rodriguez

Administrative Assistant II



Arizona Attorney General Kris Mayes

2005 N Central Avenue
Phoenix, AZ 85004

Desk: 602-542-5265

http://www.azag.gov

**2 attachments**

 **2024-12-12 Hodge RTS.pdf**
53K

**2024-11-25 Hodge Dismissal.pdf**
214K



### OFFICE OF THE ARIZONA ATTORNEY GENERAL

**KRIS MAYES**
**ATTORNEY GENERAL**

CIVIL LITIGATION DIVISION
DIVISION OF CIVIL RIGHTS SECTION

**LESLIE ROSS**
**CHIEF COUNSEL**

## NOTICE OF RIGHT TO SUE
December 12, 2024

**SENT VIA U.S. MAIL AND EMAIL**
Najib Hodge
1901 E Apache Blvd
Tempe, AZ 85281
Nhodge10@gmail.com

Best Buy Co. of Minnesota, Inc.
c/o Janet Lambert
7601 Penn Ave. S
Richfield, MN 88423
Janet.lambert@bestbuy.com

Re:    Najib Hodge v. Best Buy Co. of Minnesota, Inc., CRD No.: CRD-2023-0491

This Notice is being sent to you because the Division dismissed your public accommodations Charge for the reason(s) indicated on the enclosed dismissal. The Division will be taking no further action. You have a right to file a private lawsuit against Respondent(s) if you choose to do so.

> **Arizona law requires that you file your lawsuit against Respondent(s) in court <u>no later</u> than 30 days after the date of this Notice. If you miss this deadline, you may lose your right to sue Respondent(s) based on your Charge.**

In issuing this Notice, <u>the Division is not expressing an opinion on the merits of your allegations or the likely outcome of any lawsuit</u>. If you are interested in filing a lawsuit against Respondent(s), deadlines are critical. You should consider immediately contacting a lawyer or law firm for assistance.

If you have any questions concerning this Notice, please contact the Division at (602) 542-5263, 1-877-491-5742 (toll free), TDD (602) 542-5002, or TDD (877) 624-8090 (toll free).

Sincerely,

_Stephen Scott_ obo

Stephen Scott, Compliance Manager