**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Najib A Hodge,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Best Buy Company of Minnesota Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-25-00112-PHX-MTL<br><br>**ORDER** |

Before the Court is pro se Plaintiff Najib Hodge's Amended Complaint (Doc. 6) and Plaintiff's Motion to Recuse (Doc. 9).

**I.    MOTION TO RECUSE**

Plaintiff argues that the undersigned must recuse from this matter pursuant to 28 U.S.C § 455(a), which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Plaintiff also asserts that recusal is required under 28 U.S.C § 455(b)(1), which provides that the judge should disqualify himself if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Plaintiff asserts that the undersigned has manifested partiality and personal bias by misgendering and employing racist tactics. (Doc. 9 at 4.)

The statute requires recusal where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (internal quotation marks omitted) (quoting

*United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986)). Plaintiff has not demonstrated that a reasonable person would find bias warranting recusal. The references to Plaintiff as a "she" in the March 12, 2025 Order were a clerical error. Plaintiff presents no evidence of racial bias. Plaintiff fundamentally misunderstands the Court's Orders. The Court has not addressed the merits of Plaintiff's antidiscrimination claims. Rather, the Court addresses whether Plaintiff's Complaint contained sufficient factual matter to state a plausible claim for relief.

## II.  AMENDED COMPLAINT

The Court previously granted Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, dismissed Plaintiff's Complaint, and granted him leave to file an Amended Complaint (Doc. 5). The Court, however, informed Plaintiff that if he chose to file an amended complaint, it may not be served until and unless the Court screened the new filing. (*Id.*)

The Court explained that Plaintiff failed to allege certain facts in its Complaint as required by Title II of the Civil Rights Act of 1964. (*Id*. at 2-3.) The Court warned Plaintiff that he must "write out exactly what the individual or entity did or failed to do, how the action or interaction of that person and/or entity is connected to the violation of his rights, and what specific injury he suffered because of the other person and/or entity's conduct." (*Id.*) Plaintiff subsequently removed the Title II claim and repackaged similar facts as a 42 U.S.C. § 1981 claim. (Doc. 6 at 3.) Plaintiff does not allege sufficient facts demonstrating a connection to a violation of rights. As such, Plaintiff does not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As Plaintiff has failed to cure the factual deficiencies identified by the Court's previous Order (Doc. 5), and because any future amendment would be futile, the Court will dismiss Plaintiff's Amended Complaint without prejudice. As such, the Court exercises this authority under 28 U.S.C. § 1915(e)(2). Plaintiff is advised that a dismissal without prejudice means that a complaint asserting the same claims can be refiled. *See Semtek Int'l*

*Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001).

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Recuse (Doc. 9).

**IT IS FURTHER ORDERED** dismissing Plaintiff's Amended Complaint (Doc. 6) without prejudice.

**IT IS FINALLY ORDERED** that the Clerk of Court is directed to dismiss this action and close this case.

Dated this 24th day of March, 2025.

Michael T. Liburdi
United States District Judge